Yeskoo Hogan & Tamlyn, LLP
909 Third Avenue, 28th Floor
New York, NY 10022
212-983-0900
Attorneys for Plaintiff
By: Richard C. Yeskoo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANASTASIA INTERNATIONAL, INC.,                   No.

                            Plaintiff,                   Complaint

       – against –

EM ONLINE PTY LTD d/b/a
ELENA'S MODELS,

                           Defendant.
-----------------------------------------------------------------X

      Plaintiff Anastasia International, Inc., by its undersigned attorneys, complains against defendant EM Online Pty Ltd d/b/a Elena's Models as follows:

      1.     Plaintiff Anastasia International Inc. ("Anastasia") is a Kentucky corporation with its principal place of business at 575 Madison Avenue, 10th Floor, New York, New York 10022.

      2.     Defendant EM Online PTY LTD, d/b/a Elena's Models ("Elena's Models"), is an Australian private company with its principal place of business at Suite 407/51, Robina Town Centre, Queensland, 4230, Australia.

      3.     This court has subject matter jurisdiction pursuant 28 USC §1331, §1338 and 15 USC §1116, §1121 and §1125 in that this action arises under Section 43 of the Lanham Act, 15 USC §1125. This court also has subject matter jurisdiction pursuant to 28 USC §1332, in that the action is between citizens of a state and citizens of a foreign country and the amount in

1

controversy exceeds the amount of $75,000, exclusive of interest and costs. This court also has supplemental jurisdiction over the state law claims pursuant to 28 USC §1367(a).

4. Venue is appropriate in this district under 28 U.S.C. §1391(a) because the defendant is subject to personal jurisdiction in this judicial district.

5. This Court has personal jurisdiction over the defendant under CPLR §§302(a) (1) and (2) because: (1) defendant transacts business within the state and contracts anywhere to supply goods and services in the state; and (2) because defendant's tortious acts have caused injury to plaintiff in New York; defendant expected or reasonably expected its acts to have consequences in New York; and defendant derives substantial revenue from interstate and international commerce.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff Anastasia is the licensee of the right to use the "Anastasiadate" and "Anastasiadate.com" trademarks in the United States. Plaintiff offers an international dating service which, for a fee, matches men in the United States with women located in Russia and the Ukraine. New York is a significant source of Anastasia's customers.

7. Elena's Models is a direct competitor of Anastasia. It operates the elenasmodels.com website and competes for the same potential customers as Anastasia in the United States.

8. Upon information and belief, Elena's Models operates or sponsors websites entitled "anastasiadatefraud.com" and "ruadventures.com". Both of these websites disguise the identity of their owners by using a proxy service. However, they direct customers to the elenasmodels.com website. These websites accuse Anastasiadate of systematically perpetuating scams and fraudulent deceptions upon its customers, and then recommend that the customers use

2

Elenas Models, which allegedly does not follow these practices.

9. The anastasiadatefraud.com website purports to show extracts from e-mails written by women with profiles on Anastasiadate.com. The e-mail extracts all have a common message -- the women featured on Anastasiadate.com are not truly looking for a relationship with United States men, but instead are contract workers paid to correspond with Anastasia customers and break their hearts. These allegations are false, and the emails from the women appear to be fake. Anastasiadate goes to great length to ensure that the women featured on the website are real people who are genuinely interested in dating and marrying United States men. Upon information and belief, defendant knows that the claims on anastasiadatefraud.com are untrue and/or have themselves drafted or procured false e-mail excerpts for the purpose of competitively harming Anastasiadate.

10. The ruadventures.com website, while pretending to be an independently produced forum for the exchange of information about international dating services, in fact is only selecting and publishing negative information about Elena's Models competitors (including Anastasia) and positive reviews about the Elena's Models service. The website contains false information about customers' use of the Anastasiadate service which, upon information and belief, has been fabricated by Elenas Models. Anastasiadate's service personnel have sent numerous emails to ruadventures.com pointing out the falsity of the purported customer experiences and asking for correction. Defendant has refused to publish any of those emails or to correct the posts. Upon information and belief, defendant knows that the emails and reviews on ruadventures.com are untrue and/or have themselves drafted or procured false e-mail excerpts for the purpose of competitively harming Anastasiadate.

11. Using metatags utilizing the Anastasiadate trademarks, defend has positioned both

3

websites so that they come up at or near the top of any web search for Anastasiadate.

11. As a direct result of defendants' actions, plaintiff has suffered lost business, loss of goodwill and damage to business reputation.

## COUNT ONE
### FALSE ADVERTISING UNDER THE LANHAM ACT, 15 USC § 1125(a)

12. Plaintiff repeats paragraphs 1 through 11.

13. The e-mail excerpts posted on defendant's web pages are not bona fide communications, but are instead false or misleading misrepresentations about the nature of Anastasia's services made by defendants in their own commercial advertising and promotion for the purpose of selling their own services.

14. The false statements have deceived, and have a tendency to continue to deceive, a substantial segment of their intended audience.

15. The deception contained in defendant's web pages is material, and has influenced, and will continue to influence, the purchasing decisions of Anastasia's potential customers, specifically United States men interested in dating and marrying Russian and Ukrainian women.

16. The false advertising concerning plaintiff was put into interstate and international commerce by defendant on its anastasiadatefraud.com and ruadventures.com websites and has been widely distributed to consumers of international dating services throughout the United States.

17. The false advertising has injured, and will likely continue to injure, plaintiff.

18. The false advertising has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional damage for which it has no adequate remedy at law.

19. Defendant's violation of the Lanham Act has been knowing and willful.

## COUNT TWO
### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 USC 1125 (a)

20. Plaintiff repeats paragraphs 1 through 19.

21. Defendant's use of the trademarks "Anastasiadate" and "Anastasiadate.com" in its metatags used to promote the anastasiadatefraud.com and ruadventures.com websites constitutes trademark infringement prohibited by the Lanham Act, 15 USC §1125 (a).

22. The trademark infringement has injured, and will likely continue to injure, plaintiff.

23. The trademark infringement has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional damage for which it has no adequate remedy at law.

24. Defendants' violation of the Lanham Act has been knowing and willful.

## COUNT THREE
### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE UNDER APPLICABLE STATE LAW

25. Plaintiff repeats paragraphs 1 through 24.

26. Plaintiff has valuable relationships with its existing and potential customers. Defendant knows of these relationships.

27. Defendant has intentionally brought about the termination of these relationships through the wrongful conduct alleged herein and in the absence of justification or privilege.

28. Defendant's conduct has injured, and will likely continue to injure, plaintiff.

29. Defendant's conduct has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional

damage for which it has no adequate remedy at law.

30.     Defendant's actions are willful and wanton and of such a reprehensible nature that the court should award punitive damages to deter defendants and other like parties from engaging in such conduct in the future.

COUNT FOUR
<u>UNFAIR COMPETITION UNDER APPLICABLE STATE LAW</u>

31.     Plaintiff repeats paragraphs 1 through 30.

32.     Defendant's conduct, as previously described, constitutes unfair competition.

33.     Defendant's conduct has injured, and will likely continue to injure, plaintiff.

34.     Defendant's conduct has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional damage for which it has no adequate remedy at law.

35.     Defendant's actions are willful and wanton and of such a reprehensible nature that the court should award punitive damages to deter defendant and other like parties from engaging in such conduct in the future.

WHEREFORE, plaintiff Anastasia International, Inc. demands judgment against defendant Elena's Models:

(a)     a preliminary and permanent injunction enjoining defendant from publishing false allegations about plaintiff's services and from using the "Anastasiadate" and "Anastasiadate.com" trademarks as metatags;

(b)     payment of all of defendant's profits, gains, and advantages that are realized from defendant's illegal conduct, and an accounting thereof;

(c)     money damages in an amount not less than $500,000;

(d) treble damages;

(e) punitive damages;

(f) costs, expenses and reasonable attorneys' fees; and

(g) such other and further relief as the court deems just.

Dated: May 1, 2013

YESKOO HOGAN & TAMLYN, LLP
Attorneys for Plaintiff
909 Third Avenue, 28th Floor
New York, New York 10023
212-983-0900

By: s/ [signature]
Richard C. Yeskoo
