UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANASTASIA INT'L, INC.,                        :
                                              :
                          Plaintiff,          :
                                              :
          -v-                                 :
                                              :
                                              :
EM ONLINE PTY LTD. D/B/A ELENA'S              :
MODELS,                                       :
                                              :
                          Defendant.          :
------------------------------------------------------------ X

```
┌────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____           │
│ DATE FILED OCT 0 4 2013         │
└────────────────────────────────┘
```

13 Civ. 2919 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On May 1, 2013, Plaintiff Anastasia International, Inc. ("Anastasia") brought this action alleging false advertising and trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a) (2012), as well as tortious interference with prospective business advantage, unfair competition, and defamation under applicable state law.

On August 16, 2013, Defendant EM Online Pty LTD ("EM Online") moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. (ECF No. 33.)  For the reasons stated below, EM Online's Motion to Dismiss is GRANTED.

I.    BACKGROUND

Anastasia owns the website Anastasiadate.com, an "international dating service which, for a fee, matches men in the United States with women located in Russia and the Ukraine." (Second Am. Compl. ("SAC") ¶ 7, ECF No. 35.)  Anastasia

alleges that EM Online offers a similar service through its site Elenasmodels.com that directly competes "for the same potential customers as Anastasia." (Id. ¶ 8.)

Anastasia claims that the website Anastasiadatefraud.com, which it states is owned by Defendant Juha Natunen ("Natunen"), contains fictional accounts of and complaints about the experiences of members of Anastasia's dating service. (Id. ¶ 12–17.) More specifically, Anastasia alleges, Anastasiadatefraud.com states that the women featured in Anastasia's dating service are "paid employees of Anastasiadate.com or dating agencies." (Id. ¶ 15.) Anastasiadatefraud.com also allegedly contained a link to Elenasmodels.com that was removed a few days after EM Online received the complaint from Anastasia. (Id. ¶ 22–24.)

Anastasia alleges that EM Online or its agents "have hired Natunen to create the Anastasiadatefraud.com website" for the purpose of "falsely disparag[ing] Anastasiadate.com's services and [referring] potential customers to the Elenasmodels.com website," and that "Natunen has been acting as EM Online's agent." (Id. ¶ 29.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v.

2

Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying that standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id.  Furthermore, the Court will give "no effect to legal conclusions couched as factual allegations." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly).  If the Court can infer no more than "the mere possibility of misconduct" from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [its] claims across the line from conceivable to plausible"—dismissal is appropriate.  Twombly, 550 U.S. at 570.

### III.   DISCUSSION

Anastasia has utterly failed to allege facts to show that Natunen is an agent of EM Online or that there exists any connection between the two Defendants. Because such an inference would be wholly implausible, the Court dismisses the Complaint.

3

A.     Agency Relationship

Anastasia raises five claims against EM Online: (1) false advertising and (2) trademark infringement under the Lanham Act, and (3) tortious interference, (4) unfair competition, and (5) defamation under applicable state law.

All parties agree that any alleged statements or advertisement related to Anastasiadate.com in violation of the Lanham Act, or any alleged use of Anastasia's mark in violation of state law, appear on the website Anastasiadatefraud.com owned by defendant Natunen, not on EM Online's own website. (See SAC ¶¶ 12–17.) Thus, Anastasia's claims rest upon the allegation that Natunen is an agent of EM Online. (Id. ¶ 29.) Without establishing such a relationship, Anastasia cannot impute Natunen's acts to EM Online or establish any relationship whatsoever between EM Online and the site at issue, Anastasiadatefraud.com.

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" Merrill Lynch Inv. Mgrs. v. Optibase, Ltd., 337 F.3d 125, 130 (2d Cir. 2003) (citations and internal quotation marks omitted). To show an agency relationship, Anastasia must show that Natunen "acts subject to [EM Online's] direction and control." Lumbermens Mut. Cas. Co. v. Franey Muha Alliant Ins. Servs., 388 F. Supp. 2d 292, 301 (S.D.N.Y. 2005).

Anastasia has utterly failed to plead "specific allegations from which an agency relationship can be inferred." Meisel v. Grunberg, 651 F. Supp. 2d 98, 111

4

(S.D.N.Y. 2009).  Anastasia's strongest factual claim bolstering its argument is that Anastasiadatefraud.com contained a link to Elenasmodels.com that was removed shortly after EM Online received the complaint.  (SAC ¶¶ 22–24.)  Such an allegation of temporal proximity is not enough to show any connection or communication whatsoever, let alone an agency relationship, between Natunen and EM Online.

Instead, Anastasia rests on its assertion that, "[u]pon information and belief, EM Online, or its agents, have hired Juha Natunen to create the anastasiadatefraud.com website,' and that Natunen "has been acting as EM Online's agent." (SAC ¶ 29.)  The Court must reject this "legal conclusion[] couched as factual allegation[]." Port Dock & Stone Corp., 507 F.3d at 121.  "[C]onclusory allegations regarding [an] agency relationship . . . are not sufficient to survive a motion to dismiss." See RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 408 (S.D.N.Y. 2009); see also Cannon v. Douglas Elaliman, LLC, No. 06 Civ. 7092 (NRB), 2007 WL 4358456, *5 (S.D.N.Y. Dec. 10, 2007) (dismissing a complaint that contained only "conclusory allegations of an agency relationship" and stated that "the defendants acted 'as agents for each other' . . . but offer[ed] no facts from which inferences of actual or apparent authority [could] be drawn").

Because Anastasia has failed to put forth any facts showing any controlling relationship between Natunen and EM Online, or even communications between the two parties, the SAC fails to allege facts that "permit the court to infer more than mere possibility of misconduct" by EM Online.  Iqbal, 556 U.S. at 679.

Without further allegations of facts showing a connection between the Defendants, it is just as plausible that Natunen created this website himself as that he created the website pursuant to an agency relationship with EM Online. See Twombly, 550 U.S. at 554 (discussing "parallel conduct that could just as well be independent action" without any further "suggestion of a preceding agreement").

Accordingly, the Court dismisses Anastasia's Complaint against EM Online. Because the Court resolves this Motion based on the absence of agency relationship between Natunen and EM Online, it need not consider whether EM Online would be liable for false advertising, trademark infringement, tortious interference with prospective business advantage, unfair competition, or defamation if it were indeed the party responsible for Anastasiadatefraud.com.

B.      Attorneys' Fees

Pursuant to its authority under Section 35 of the Lanham Act, the Court awards reasonable attorneys' fees and costs to EM Online. See 15 U.S.C. § 1117(a). "The Second Circuit has held that fees will only be awarded upon evidence of fraud or bad faith." Scholastic, Inc. v. Stouffer, 221 F. Supp. 2d 425, 444 (S.D.N.Y.) (citing Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 194 (2d Cir. 1996)), aff'd, 81 F. App'x 396 (2d Cir. 2003).

Anastasia has filed three iterations of the same Complaint, each time refusing to dismiss EM Online as a defendant despite its failure to allege any relationship between EM Online and Anastasiadatefraud.com. Anastasia has therefore "asserted claims . . . without any reasonable basis in fact or law."

6

Scholastic, Inc., 221 F. Supp. 2d at 444. Instead, its behavior indicates that the case
was "initiated for reasons other than a sincere belief in the merits of the underlying
claims." Universal City Studios, Inc. v. Nintendo Co., 615 F. Supp. 838, 864
(S.D.N.Y. 1985); see also Melodrama Pub., LLC v. Santiago, No. 12 Civ. 7830 (JSR),
2013 WL 1700929, at *7 (S.D.N.Y. Apr. 11, 2013). In fact, the Court notes that—
because Anastasia has refused to drop EM Online, its direct competitor, from the
Complaint—"[t]here is a substantial overtone in this case to warrant an inference
that this suit was initiated as a competitive ploy." Mennen Co. v. Gillette Co., 565
F. Supp. 648, 657 (S.D.N.Y. 1983), aff'd, 742 F.2d 1437 (2d Cir. 1984). This is thus
the type of "exceptional" case meriting an award of attorneys' fees. See 15 U.S.C. §
1117(a).

Accordingly, EM Online shall submit to the Court a statement of reasonable
fees and costs no later than Friday, October 16, 2013.

## IV.   DEFENDANT NATUNEN

The Court notes that Defendant Natunen was served on August 13, 2013
(ECF No. 32) and submitted two Declarations and a Preliminary (Pretrial)
Statement (ECF Nos. 37–40). In addition to disputing the merits of Anastasia's
arguments, Natunen states that he lives in Finland; that he conducts no business,
owns no property, and has no contacts in the United States; and that
Anastasiadatefraud.com is based in Finland. (Natunen Decl. ¶¶ 1, 4, ECF No. 38.)

The Court thus deems Natunen to have made a limited appearance for the
purpose of moving to dismiss for lack of personal jurisdiction under Fed. R. Civ. P.

7

12(b)(2) or, in the alternative, moving for summary judgment under Fed. R. Civ. P. 56. Anastasia shall file any response to Natunen's motions by Friday, October 16, 2013.

## V.   CONCLUSION

For the aforementioned reasons, defendant EM Online's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED. The Clerk of Court is directed to close the Motion at ECF No. 33. The Court further awards reasonable attorneys' fees and costs to EM Online.

By Friday, October 16, 2013, EM Online shall submit to the Court a statement of reasonable attorneys' fees and costs, and Anastasia shall respond to Natunen's motion to dismiss for lack of personal jurisdiction or, in the alternative, for summary judgment.

SO ORDERED.

Dated: New York, New York
       October 3, 2013

_____
        KATHERINE B. FORREST
        United States District Judge