IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANASTASIA INTERNATIONAL, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EM ONLINE PTY LTD, *et al.*,<br><br>　　　　Defendants. | Case No. 13-CV-2919 (KBF) |

**DEFENDANT EM ONLINE PTY LTD'S**
**STATEMENT OF REASONABLE ATTORNEY'S FEES AND COSTS**

**I.　This Court's October 4th Decision.**

By memorandum decision and order dated October 4, 2013, this Court found this to be an "exceptional case" pursuant 15 U.S. C. § 1117(a) and held that Plaintiff Anastasia International, Inc. ("Anastasia") shall be required to pay the reasonable attorney's fees and costs of Defendant EM Online Pty Ltd ("EM Online").  Specifically, the Court explained:

> Anastasia has filed three iterations of the same Complaint, each time refusing to dismiss EM Online as a defendant despite its failure to allege any relationship between EM Online and Anastasiadatefraud.com.  Anastasia has therefore "asserted claims. . . without any reasonable basis in fact or law." Scholastic, Inc., 221 F. Supp. 2d at 444. Instead, its behavior indicates that the case was "initiated for reasons other than a sincere belief in the merits of the underlying claims." Universal City Studios, Inc. v. Nintendo Co., 615 F. Supp. 838, 864 (S.D.N.Y. 1985); see also Melodrama Pub.. LLC v. Santiago, No. 12 Civ. 7830 (JSR), 2013 WL 1700929, at *7 (S.D.N.Y. Apr. 11, 2013). In fact, the Court notes that because Anastasia has refused to drop EM Online, its direct competitor, from the Complaint. "[t]here is a substantial overtone in this case to warrant an inference that this suit was initiated as a competitive ploy." Mennen Co. v. Gillette Co.,565 F. Supp. 648, 657 (S.D.N.Y. 1983), aff'd, 742 F.2d 1437 (2d Cir. 1984). This is thus the type of "exceptional" case meriting an award of attorneys' fees. See 15 U.S.C. § 1117(a).

ECF No. 41 at pp. 6-7.  As explained herein in and as supported by the Declarations of Michael C. Hartmere and James P. Duffy, IV (filed herewith), EM Online seeks $51,920 in reasonable attorney's fees and $2,975.75 in costs necessarily incurred in defense of this action.

**II.     Overview Of Action.**

In this action, Anastasia brought several claims against its Australian-based competitor, EM Online, seeking over $1.5 million in damages as well as injunctive relief.  Anastasia did not adequately investigate the facts before it filed its lawsuit.  Had it done so, Anastasia would have learned that the www.anastasiadatefraud.com website was not owned or controlled by EM Online at all but rather was the exclusive and independent creation of Mr. Natunen, based in Helsinki, Finland.  Anastasia initially obtained entry of default against EM Online, without informing this Court that EM Online's principals had previously contacted Anastasia's counsel and advised that they were on an extended vacation out of the country and would respond to the lawsuit upon their return.

Thereafter, Anastasia refused to dismiss EM Online from this lawsuit despite EM Online and Mr. Natunen each repeatedly and separately confirming under oath to Anastasia that EM Online and Mr. Natunen had no connection to each other and that EM Online was in no way connected to www.anastasiadatefraud.com.  In addition to numerous communications with Anastasia's counsel, efforts to keep EM Online apprised of case developments, and legal and factual research in defense of Anastasia's claims, EM Online filed 4 briefs with this Court initially so that the default was vacated and then in support of its motions to dismiss.  Over this period, EM Online also repeatedly asked Anastasia to dismiss it from this lawsuit.  Anastasia refused and instead repeatedly and recklessly alleged "on information and belief" that Mr. Natunen was EM Online's agent and was thus liable.

EM Online was required to retain United States counsel with extensive commercial and Lanham Act litigation experience to defend this action.  EM Online retained Venable LLP ("Venable"), and three Venable attorneys assisted in EM Online's defense.  A Venable partner

2

with over seventeen years of federal litigation experience, Damon W.D. Wright supervised the representation, edited EM Online's filings, communicated with EM Online, and provided guidance on case strategy.  Michael C. Hartmere, who is of counsel, has over 12 years of federal litigation experience and is a member of the Bar of this Court, handled EM Online's day-to-day representation in this action, appeared before this Court, edited and finalized EM Online's filings, and maintained regular contact with EM Online and Anastasia's counsel.  Nicholas M. DePalma, a Venable associate with over 7 years of federal litigation experience, conducted most of the legal research and initial drafting of EM Online's filings in this matter.

### III.   The Legal Standard.

Anastasia accused EM Online of willfully committing torts and violations of federal law, and EM Online required a diligent and experienced legal team for its defense.  "[A]ttorneys' fees are calculated based on the 'presumptively reasonable fee' approach adopted in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 190 & n.3 (2d Cir. 2008)." *Francois v. Mazer*, No. 09 Civ. 3275 (KBF), 2012 WL 3245439, at *1 (Aug. 6, 2012) (citing *Cao v. Wu Liang Lexington Rest, Inc.*, No. 08 Civ. 3725, 2010 WL 4159391, at *8 (S.D.N.Y. Sept. 30, 2010)).  "The approach prescribes that a court consider all of the case-specific variables in setting a reasonable hourly rate—*i.e.*, 'the rate a paying client would be willing to pay'—and multiply that amount by the number of hours reasonably expended, resulting in the 'presumptively reasonable fee.'"  *Id.* (citing *Arbor Hill*, 522 F.3d at 190)).

"In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Arbor Hill*, 522 F.3d at 190.  The *Johnson* factors are:  (1) time and labor required; (2) novelty and

difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorney due to his acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

**IV.    The Hartmere And Duffy Declarations Address The *Johnson* Factors.**

Mr. Hartmere's and Mr. Duffy's Declarations address each of the *Johnson* factors. As they explain, Venable provided high quality and efficient representation of EM Online in this matter and the Venable hourly rates are within the range of reasonableness for attorneys with similar experience levels in defending false advertising, trademark infringement and unfair competition claims between foreign competitors in federal court. EM Online adopts the points in Mr. Hartmere's and Mr. Duffy's Declarations and will not set them forth separately here. From a macro perspective, the $51,920 in fees and $2,975.75 in costs sought are per se reasonable. This is less than 3.7 percent of the total exposure to EM Online (not counting the threatened injunctive relief and reputational harm associated with an adverse result). The Court can also review the detailed invoices attached to Mr. Hartmere's Declaration and see that the Venable attorneys did exactly what was required in order to obtain a favorable result.

The Venable hourly rates range from $495 to $615 per hour. To be sure, other attorneys with different areas of focus may have higher or lower hourly rates. *See Francois v. Mazer*, No. 09 Civ. 3275(KBF), 2012 WL 3245439 (S.D.N.Y. Aug. 6, 2012) ("the range for experienced

4

civil rights and employment law litigators is between $250 and $450 per hour"). Given the Lanham Act claims at issue as well as the potential complexity of this action, however, Venable's rates are well within market. *See* Hartmere Decl. at ¶¶ 11-14, Duffy Decl. at ¶¶ 7-8.

Moreover, the fees were not contingency fees, but rather what EM Online negotiated and agreed to pay. As this Court has explained:

> [T]he fees sought here are not hypothetical amounts prepared only for purposes of a fee application. Rather, they are embodied in invoices prepared as the litigation progressed, and actually paid by [Gucci], a sophisticated client [who] could not have been assured that it would be awarded fees at the end of the [contempt proceeding]; rather, in the event of a loss or a settlement, it would have had to bear those fees unreimbursed. As numerous courts have recognized, negotiation and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market. . . . Certainly, [Gucci] could have found cheaper lawyers, but it was not required to do so. [Gucci] chose *these* lawyers, agreed to be responsible for their fees, and paid them, without regard to whether the fees would be recovered . . .

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511 (S.D.N.Y. 2004) (citing *Bleecker Charles Co. v. Bleecker Street Apartment Corp.*, 212 F. Supp. 2d 226, 230 (S.D.N.Y. 2002) (awarding $59,584.62 in fees). Had Anastasia not brought this frivolous lawsuit against its competitor, EM Online would never have faced the distraction, loss of time, and attorney's fees and costs required by this lawsuit. Like the awardee in *Gucci America*, EM Online should receive the full amount of fees and costs incurred.

**V.      EM Online Does Not Seek Fees For This Application.**

For practical reasons, EM Online also does not seek to recover attorney's fees for preparation of this fee application or the corresponding review, analysis and drafting reflected in Mr. Hartmere's and Mr. Duffy's Declarations. EM Online estimates that this activity will result in EM Online facing another $4,000 - $5,000 in attorney's fees. Although EM Online does not seek these fees, the Court is free to consider this concession in evaluating the reasonableness of

EM Online's request for an award of $51,920 in reasonable attorney's fees and $2,975.75 in costs necessarily incurred in defending against this action.

## CONCLUSION

For all of the foregoing reasons, and for such other reasons as may appear to the Court, EM Online respectfully requests that the Court award it $51,920 in fees and $2,975.75 in costs necessarily incurred in this action.

Dated: October 16, 2013
      New York, New York

                                  Respectfully submitted,

                                  VENABLE LLP

                                  /s/ Michael C. Hartmere
                                  Michael C. Hartmere
                                  Rockefeller Center
                                  1270 Avenue of the Americas, 25th Floor
                                  New York, NY 10020
                                  Tel: (212) 307-5500
                                  Fax: (212) 307-5598
                                  mchartmere@venable.com

                                  *Attorneys for Defendant EM Online Pty Ltd.*