IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANASTASIA INTERNATIONAL, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>EM ONLINE PTY LTD, *et al.*,<br><br>     Defendants. | Case No. 13-CV-2919 (KBF) |

**DEFENDANT EM ONLINE PTY LTD'S REPLY IN SUPPORT OF
STATEMENT OF REASONABLE ATTORNEY'S FEES AND COSTS**

The opposition of Anastasia International, Inc. ("Anastasia") seems determined to make EM Online Pty LTD ("EM Online") bear the brunt of the attorney's fees it paid to defend this reckless and anticompetitive lawsuit, even after the Court found this was an "exceptional case" under the Lanham Act, and even after EM Online represented that it would not seek to recover fees for litigating this fee petition (resulting in a net savings to Anastasia of approximately $5,000 in attorney's fees). Anastasia raises four arguments in its opposition to attorney's fees. None have merit.

First, Anastasia argues that EM Online has not submitted the actual fee agreement. Opp'n at 2 (ECF No. 47). According to Anastasia, that makes EM Online's statement "evasive" because the only statement as to the fee arrangement is that the invoices attached to Michael Hartmere's declaration "represent the legal fees and expenses that EM Online has incurred to date." Hartmere Decl. at ¶ 7 (ECF No. 45). This argument is meritless because Mr. Hartmere also swore that "[f]urther, because this was not a contingent fee representation, EM Online had to bear the full amount of the fees and expenses." *Id*. at ¶ 10(d). This language was omitted from Anastasia's opposition, and it demonstrates that EM Online was on an hourly billable arrangement with Venable, and incurred the full amount of fees reflected in the invoices. In any

event, a true and correct copy of the retainer agreement between Venable LLP and EM Online is attached hereto as **Exhibit A**.

Second, Anastasia argues that the $12,183 billed to vacate default was "totally unnecessary and unreasonable." Opp'n at 2.  This is not true.  As explained in EM Online's memorandum in support of its motion to vacate default (ECF No. 18 at 3), Anastasia had actual knowledge that the principals of EM Online were on vacation at the time it moved for default. Anastasia nonetheless moved for default, and gave the appearance that EM Online would not appear in this lawsuit.  EM Online had its back against the wall and could not count on Anastasia's consent to vacate at the time it commenced work (a great deal of which occurred on June 27, 2013, before Anastasia conditionally agreed to vacate default).  *Compare* Hartmere Decl. Ex. D with Yeskoo Decl. ¶¶ 3-5 (ECF No. 48).  Further, Anastasia did not unequivocally agree to vacate, but instead required "satisfactory proof" that EM Online's principals were on a cruise in Europe.  Yeskoo Decl. ¶ 3.  EM Online had no way of knowing what proof would be "satisfactory" to Anastasia.  EM Online also had no way of knowing whether Anastasia would somehow use additional delay to its advantage, or would leave the Court with a misimpression about the circumstances that led to the default.

Third, Anastasia argues that Venable's "senior attorneys billed unreasonable amounts for duplicative work."  Opp'n at 3.  Anastasia's argument is unsupported by anything other than the opposition and exhibits appended to the declaration of Richard Yeskoo.  EM Online stands on its detailed invoices and the Declaration of James P. Duffy, IV, who opined that he had "reviewed the relevant invoices to check for overbilling, churning, and to see whether block billing resulted in any questionable entries.  I did not find a single instance of overbilling or churning."  Duffy Decl. at ¶ 9 (ECF No. 44).

Fourth, Anastasia quibbles with $2,924.50 in Westlaw charges. Opp'n at 5. However, these are "normally billed as costs" to Venable LLP's clients, consistent with the authority cited in Anastasia's opposition. *See Cesario v. BNI Const, Inc.*, No. 07CIV.845, 2008 WL 5210209, *10 (S.D.N.Y. Dec. 15, 2008) (cited in Opp'n at 5). Although Anastasia claims the "application makes no representation as to Venable's normal practice regarding Westlaw charges" (*id.*), Mr. Hartmere's declaration again states that the invoices are "[t]rue and correct" and "represent the legal fees and expenses" that EM Online has incurred to date. Hartmere Decl. at ¶ 7. *See also id.* at ¶ 10(d) (stating that "all Venable attorneys billed EM Online at their customary rates").

EM Online respectfully submits that for all of the foregoing reasons, and for the reasons stated in its statement of reasonable attorney's fees, EM Online should receive $51,920 in fees and $2,975.75 in costs necessarily incurred in this action.

Dated: October 29, 2013
      New York, New York

                                          Respectfully submitted,

                                          VENABLE LLP

                                          /s/ Michael C. Hartmere
                                          Michael C. Hartmere
                                          Rockefeller Center
                                          1270 Avenue of the Americas, 25th Floor
                                          New York, NY 10020
                                          Tel: (212) 307-5500
                                          Fax: (212) 307-5598
                                          mchartmere@venable.com

                                          *Attorneys for Defendant EM Online Pty Ltd.*